[Civ. No. 4049. First Appellate District, Division Two.—November 5, 1921.]

W. M. LEDBETTER et al., Copartners, etc., Respondents, v. BAYSIDE LAND COMPANY (a Corporation), Appellant.

[1] ACTION FOR LABOR AND MATERIALS — REPAIR OF BULKHEAD — DEFENSE—EVIDENCE—BURDEN OF PROOF.—Where the plaintiffs proved performance in an action to recover the reasonable value of labor and materials furnished in repairing a portion of a bulkhead which they had originally constructed, the burden was upon the defendant to prove that the work was done gratuitously or under a special contract, and in the event of failure of such proof, the law implied a promise to pay the reasonable value.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Bordwell & Mathews for Appellant.

E. T. Sherer and Emmet H. Wilson for Respondents.

NOURSE, J.—Plaintiff sued upon a complaint setting forth four causes of action—to recover a balance due on an express contract for the construction of a bulkhead at Seal Beach, Orange County; a common count for the balance of the reasonable value for the same work; a common count based upon the reasonable value of labor and materials furnished in repairing a portion of the bulkhead which had been washed out; and a cause of action alleging that this repair work had been performed under an express contract termed a "force account" contract or one calling for payment of all cost plus ten per cent. Plaintiffs had judgment on the first cause of action in the sum of $326.10 and upon the third cause of action in the sum of $2,081.07. To the amount found due under the third cause of action the trial court added interest from the date of performance in the amount of $365.06. Plaintiffs stipulate that this interest should not have been allowed and consent to a modification of the judgment in that respect.

No error is assigned as to the portion of the judgment relating to the first cause of action, but appellant insists that the contract was not fully performed and that it should have been permitted to·set off its damages therefor against the amount found due. As to the portion of the judgment based upon the third cause of action, it is argued that the services were gratuitous because, the original contract not having been fully complied with, respondents were obligated to make the repairs without cost to appellant, and also that the evidence does not support the finding that the appellant agreed to pay respondents the reasonable value of the labor employed and materials furnished in making such repairs.

As to the first point urged by appellant, it is sufficient to say that the trial court found that respondents constructed the bulkhead in a good and workmanlike manner and in accordance with the specifications agreed upon at the time of entering into the contract, also that respondents did not agree to construct the bulkhead to prevent the ocean from eroding the land adjacent thereto and that they did not construct such bulkhead in noncompliance with any of the terms and conditions of the contract and in an unworkmanlike or negligent manner. While it may be said that inferences might have been drawn from the facts proved which would have supported a contrary finding, nevertheless sufficient evidence was offered to support these findings as made. It is in evidence that the break in the bulkhead was caused by a heavy tide, which in turn was caused by an unusually heavy flow of water, and also that it had been constructed in a dangerous place against the warning and protest of respondents, but upon the insistence of appellant. The danger was increased by the location of a "seal-pen" in the channel immediately in front of the place where the break occurred, it being said that this caused a whirlpool in the tide which eroded the bank sup‧porting the toe of the piling of the bulkhead. This seal-pen the appellant refused to permit respondents to remove, but ordered them to complete the bulkhead in accordance with the specifications of the contract.

When the break occurred in the bulkhead appellant approached respondents and urged them to make the necessary repairs. The testimony as to what occurred in this conversation is in direct conflict. One of the respondents,

who alone participated in the conversation with the representative of appellant, testified that it was agreed that they should make the repairs on the basis of cost plus ten per cent. This was specifically denied by the representative of the appellant. The court found that the contract had not been made as alleged in the fourth cause of action, but found that the parties did agree that the respondents should furnish all labor and materials for the purpose of repairing the bulkhead for which appellant agreed to pay the reasonable value thereof. Such reasonable value was found to be $2,081.07.

[1] On this phase of the case it is argued that the evidence was offered in support of the fourth cause of action and not the third; that the trial court having found that the contract set out in the fourth cause of action was not made, there is no evidence to support its finding upon the third cause of action. The trial court having found that the express contract for the original construction had been duly performed, the question of the expense for the repair work must be treated as though the parties then met for the first time. Respondents then having proved that the labor had been performed and the materials furnished as alleged in their third cause of action, the burden was upon appellant to prove either that it was done gratuitously or under a special contract. In this it failed. The law thereupon implied the promise of appellant to pay the reasonable value of the labor and materials. Evidence was offered showing the exact amount expended by respondents for labor, material, and rental of machinery, etc., to which was added ten per cent for their time in purchasing materials and overseeing the work. These charges were shown to be reasonable. The evidence fairly met the issues raised in the third cause of action and appellant could not have been taken by surprise when it was offered. It is of little moment that the same evidence would have supported the allegations of the fourth cause of action if respondents had been successful in proving that a cost plus ten per cent contract had actually been made. The work was performed in the latter part of the year 1916, when this form of contract was in common use in both public and private work. The trial court found that the actual cost paid out by respondents for labor and materials going into the work plus

ten per cent to cover their time was the reasonable value of the entire account, and the evidence fully supports that finding.

Respondents have consented to a modification of the judgment to the extent of eliminating the sum of $365.06 allowed as interest on the amount found due under the third cause of action. It is stipulated that a similar offer was filed with the clerk of the trial court on the seventh day of November, 1919. Though the latter offer was made subsequent to the filing of the notice of appeal, it was nevertheless made before the bill of exceptions was prepared and nearly a year before the bill was settled and the transcript prepared. If this were the only point involved it could have been readily adjusted before appellant had incurred any great expense in prosecuting this appeal. For that reason respondents should have their costs.

The judgment is modified by striking therefrom the sum of $365.06 allowed as interest on the third cause of action, and, as so modified, will stand affirmed. Respondents to have costs.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1922.

All the Justices concurred, except Lawlor, J., and Shurtleff, J., who was absent.